GARRITY, GRAHAM, MURPHY, GAROFALO & FLINN
A Professional Corporation
One Lackawanna Plaza
P.O. Box 4205
Montclair, NJ 07042
Telephone: 973-509-7500
**Attorneys for Defendant, National Credit Systems, Inc.**
**Our File No. 446.21479/JSM**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JANE THOMPSON<br>432 Sloan Avenue<br>Oaklen, New Jersey 08107,<br><br>       Plaintiff,<br><br>  v.<br><br>NATIONAL CREDIT SYSTEMS<br>P.O. BOX 312123<br>Atlanta, Georgia 31131<br><br>WOODSVIEW/ TESCO PROPERTIES<br>1424 Woodland Drive<br>Henderson, KY 42420<br><br>MICHELLE FAIRCHILD - PROPERTY<br>MANAGER WOODSVIEW/ TESCO<br>PROPERTIES 1424 Woodland Drive<br>Henderson, KY 42420<br>      Defendants. | : : : : : : : : : : : : : : : : : : : : : : | Civil Action No.: 07-cv-3367<br>(JBS) (JS)<br><br>**DEFENDANT, NATIONAL CREDIT SYSTEMS, INC'S ANSWER TO COMPLAINT, SEPARATE DEFENSES, CROSSCLAIM, JURY DEMAND, DESIGNATION OF TRIAL COUNSEL AND CERTIFICATION** |

Defendant, National Credit Services, Inc., by way of Answer to the named plaintiff's Complaint, states as follows:

### I.   PRELIMINARY STATEMENT

1.   This responding party has insufficient information and knowledge to admit or deny the allegations set forth in

Paragraph One of plaintiff's Complaint and therefore denies same and puts plaintiff to her proofs.

## II. **JURISDICTION**

2.    In response to Paragraph Two of plaintiff's Complaint, and the statutes referenced therein, upon this court, responding party denies any violation thereof.  Further, the statutes referenced speak for themselves while denying all express or implied allegations or violations in this paragraph herein.

## III. **PARTIES**

3.    This responding party has insufficient information and knowledge to admit or deny the allegations set forth in Paragraph Three of plaintiff's Complaint and therefore denies same and puts plaintiff to her proofs.

4.    This responding party has insufficient information and knowledge to admit or deny the allegations set forth in Paragraph Four of plaintiff's Complaint and therefore denies same and puts plaintiff to her proofs.

5.    This responding party has insufficient information and knowledge to admit or deny the allegations set forth in Paragraph Five of plaintiff's Complaint and therefore denies same and puts plaintiff to her proofs.

6.    This responding party admits that National Credit Systems is a legal/corporate entity.  All other allegations, whether express or implied, are denied.

-2-

7.    This responding party admits that National Credit Systems, Inc., is a legal/corporate entity engaged in collection practices concerning the State of New Jersey.  All other allegations, whether express or implied, are denied.

8.    This responding party admits that National Credit Systems, Inc., is a legal/corporate entity engaged in collection practices concerning the State of New Jersey.  All other allegations, whether express or implied, are denied.

9.    This responding party admits that National Credit Systems, Inc., is a legal/corporate entity engaged in collection practices concerning the State of New Jersey.  All other allegations, whether express or implied, are denied.

## IV.    **FACTUAL ALLEGATIONS**

10.    This responding party has insufficient information and knowledge to admit or deny the allegations set forth in Paragraph Ten of plaintiff's Complaint and therefore denies same and puts plaintiff to her proofs.

11.    This responding party has insufficient information and knowledge to admit or deny the allegations set forth in Paragraph Eleven of plaintiff's Complaint and therefore denies same and puts plaintiff to her proofs.

12.    This responding party has insufficient information and knowledge to admit or deny the allegations set forth in Paragraph Twelve of plaintiff's Complaint and therefore denies

same and puts plaintiff to her proofs.

13.   This responding party has insufficient information and knowledge to admit or deny the allegations set forth in Paragraph Thirteen of plaintiff's Complaint and therefore denies same and puts plaintiff to her proofs.

14.   This responding party has insufficient information and knowledge to admit or deny the allegations set forth in Paragraph Fourteen of plaintiff's Complaint and therefore denies same and puts plaintiff to her proofs.

15.   This responding party has insufficient information and knowledge to admit or deny the allegations set forth in Paragraph Fifteen of plaintiff's Complaint and therefore denies same and puts plaintiff to her proofs.

16.   This responding party has insufficient information and knowledge to admit or deny the allegations set forth in Paragraph Sixteen of plaintiff's Complaint and therefore denies same and puts plaintiff to her proofs.

17.   This responding party has insufficient information and knowledge to admit or deny the allegations set forth in Paragraph Seventeen of plaintiff's Complaint and therefore denies same and puts plaintiff to her proofs.

18.   This responding party has insufficient information and knowledge to admit or deny the allegations set forth in Paragraph Eighteen of plaintiff's Complaint and therefore denies

-4-

same and puts plaintiff to her proofs.

   **V.     CAUSES OF ACTION**

   **FIRST CLAIM - FAIR DEBT COLLECTION PRACTICES ACT**

   19.   Responding party repeats and reiterates its responses and defenses to the stated Paragraphs One through Eighteen as though fully set forth herein.

   20.   All allegations, whether express or implied, are denied.

   21.   All allegations, whether express or implied, are denied.

   a.   All allegations, whether express or implied, are denied.

   b.   All allegations, whether express or implied, are denied.

   c.   All allegations, whether express or implied, are denied.

   d.   All allegations, whether express or implied, are denied.

          i.   All allegations, whether express or implied, are denied.

          ii.  All allegations, whether express or implied, are denied.

          iii. All allegations, whether express or implied, are denied.

-5-

22. All allegations, whether express or implied, are denied.

23. All allegations, whether express or implied, are denied.

24. All allegations, whether express or implied, are denied.

25. All allegations, whether express or implied, are denied.

**SECOND CLAIM - FRAUD**

26.  Responding party repeats and reiterates its responses and defenses to the stated Paragraphs One through Twenty-Six as though fully set forth herein.

27.  All allegations, whether express or implied, are denied.

### SEPARATE AND ALTERNATIVE AFFIRMATIVE DEFENSES

### FIRST SEPARATE DEFENSE

The Complaint filed herein fails to state a cause of action upon which relief can be granted and defendant reserves the right to move at or before the time of trial to dismiss same.

### SECOND SEPARATE DEFENSE

The claims against this defendant are without reasonable basis in law or equity, and cannot be supported by any good faith argument for an extension, modification, or reversal of existing law.  Accordingly, this defendant reserves the right to seek reimbursement for all reasonable litigation costs and counsel fees expended in defense of this claim.

### THIRD SEPARATE DEFENSE

At all times relevant to the within litigation, defendant

-6-

complied with all applicable rules, laws, regulations and
standards.

### FOURTH SEPARATE DEFENSE

This defendant reserves the right to assert all affirmative
defenses available to it pursuant to the Fair Debt Collection
Practices Act, 15 U.S.C. §1692, et. seq. (hereinafter "FDCPA"),
Federal Fair Credit Reporting Act, (FFCRA) 15 U.S.C. §1681 et.
seq., all applicable state contract laws and the Federal Rules
of Civil Procedure.

### FIFTH SEPARATE DEFENSE

This defendant reserves all challenges or defenses to, and
does not waive defenses based upon lack of jurisdiction over the
person, improper venue and insufficiency of process: including
the right to removal or dismissal.

### SIXTH SEPARATE DEFENSE

This defendant reserves the right to assert all applicable
statutes of limitation or repose.

### SEVENTH SEPARATE DEFENSE

This defendant denies that it violated any provision of the
FDCPA and furthermore, denies any liability pursuant to said
statutes.

### EIGHTH SEPARATE DEFENSE

Plaintiff's complaint to the extent it seeks punitive or
exemplary damages is violative of the United States

Constitution, as well as the Constitution of the State of New
Jersey, and violates defendant's right to substantive due
process as provided in the Fifth and Fourteenth Amendments of
the United States Constitution, and the Constitution of the
State of New Jersey, and thereby fails to state a cause of
action supporting the punitive or exemplary damages claimed.

### NINTH SEPARATE DEFENSE

Plaintiff's complaint insofar as it seeks exemplary or
punitive damages violates defendant's right to procedural due
process under the Fourteenth Amendment of the United States
Constitution, and the Constitution of the State of New Jersey,
and therefore fails to state a cause of action upon which
punitive or exemplary damages can be awarded.

### TENTH SEPARATE DEFENSE

This defendant avers, to the extent revealed in discovery or
the trial of this matter, that plaintiff's claims are barred or
limited by virtue of the application of legal or equitable
doctrines including but not limited to, estoppel, waiver,
unclean hands, merger, accord and satisfaction.

### ELEVENTH SEPARATE DEFENSE

This defendant reserves the right to affirmatively raise all
applicable provisions of all applicable legislative and
substantive case law rulings on each cause of action plead by
Plaintiff and reserves the right to file procedural and

-8-

substantive dispositive motions consistent with the Federal Rules of Civil Procedure and Evidence.

### TWELFTH SEPARATE DEFENSE

This defendant did not engage in any fraudulent, deceptive or misleading practices at any time nor did defendant at any time make representations which may be characterized as fraudulent, deceptive or misleading.

### THIRTEENTH SEPARATE DEFENSE

Any publication made by this defendant regarding the plaintiff was truthful.

### FOURTEENTH SEPARATE DEFENSE

To the extent that any communication alleged with regard to this party is established at trial, none of said communications contained deception, or misleading statements.

### FIFTEENTH SEPARATE DEFENSE

Defendant did not engage in fraudulent conduct that creates a likelihood of confusion or misunderstanding.

### SIXTEENTH SEPARATE DEFENSE

The plaintiff suffered no ascertainable loss of money or property, or actual damages.

### SEVENTEENTH SEPARATE DEFENSE

The plaintiff did not justifiably rely upon any representation by Defendant.

**EIGHTEENTH SEPARATE DEFENSE**

To the extent that any violation of law or statute occurred, it resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

**NINETEENTH SEPARATE DEFENSE**

To the extent that any violation of law or statute occurred, it resulted from good faith reliance upon incorrect information offered by other persons or entities other than an agent, servant or employee of this defendant.

**TWENTIETH SEPARATE DEFENSE**

This defendant reserves the right to assert additional separate and alternative affirmative defenses as discovery warrants.

**TWENTY-FIRST SEPARATE DEFENSE**

While denying the allegations contained within Plaintiff's Complaint this defendant maintains that if it is found to be in violation of the Fair Debt Collection Practices Act and/or Fair Credit Reporting Act, such violation was not intentional and resulted from a bona fide error notwithstanding the maintenance or procedures reasonably adopted to avoid such error.

**TWENTY-SECOND SEPARATE DEFENSE**

Defendant reserves the right to seek a Court finding that the subject action was brought in bad faith and for the purpose of harassment and reserves the right to seek the recovery of

-10-

attorneys fees, costs and expenses pursuant to 15 U.S.C. §
1692K(a)(3) and related sections of the Fair Debt Collection
Practices Act.

### TWENTY-THIRD SEPARATE DEFENSE

Plaintiff's injures and damages, if any, are deminimis.

### TWENTY-FOURTH SEPARATE DEFENSE

This defendant reserves the right to join in and incorporate
the affirmative defenses plead by other defendants to the extent
that the law or factual discovery determine their applicability
to this defendant and plaintiff's claim.

### TWENTY-FIFTH SEPARATE DEFENSE

Responding party reserves the right to affirmatively assert
or seek court permission to assert any crossclaims or
counterclaims which initial discovery and investigation
determine to be permissive, matured, or necessary but omitted by
oversight, error, or excusable neglect.

### JURY DEMAND

Defendant hereby demands a trial by jury on all issues.

### DESIGNATION OF TRIAL COUNSEL

Defendant hereby designates James Scott Murphy, Esq., and Marie
Sainte Coronel, Esq. as trial counsel in the within matter.

-11-

### DEMAND FOR COMPLIANCE WITH FRCP 26(a)(1)

Defendants hereby demand that all parties hereto provide preliminary discovery without further demand in accordance with FRCP 26(a)(1).

### CERTIFICATION

I hereby certify that this pleading was served within the time period prescribed under FRCP 81(c).

GARRITY, GRAHAM, MURPHY, GAROFALO
& FLINN
Attorneys for Defendant, National
Credit Systems, Inc.

BY: _____
MARIE SAINTE CORONEL

Dated: September 13, 2007

-12-